```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA        *     Case No. 19-CR-139(RJD)
                                *
                                *     Brooklyn, New York
                                *     February 20, 2020
      v.                        *
                                *
ADAM MICEK,                     *
                                *
            Defendant.          *
                                *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *

            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
              BEFORE THE HONORABLE LOIS BLOOM
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          VIRGINIA NGUYEN, ESQ.
                             Asst. United States Attorney
                             United States Attorney's Office
                             271 Cadman Plaza
                             Brooklyn, NY 11201


For the Defendant:           MITCHELL C. ELMAN, ESQ.
                             377 Oak Street
                             Suite 415
                             Garden City, NY 11530
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1          (Proceedings commenced at 2:42 p.m.)

2               THE CLERK:  Criminal cause for a guilty plea,

3     docket no. 19-CR-139, United States of America vs. Micek.

4               Counsel, please state your appearances for the

5     record.

6               MS. NGUYEN:  Good afternoon.  On behalf of the

7     United States, Virginia Nguyen.

8               MR. ELMAN:  For Adam Micek, Mitchell Elman, E-L-M-

9     A-N.  Good afternoon, Your Honor.

10              THE CLERK:  The Honorable Lois Bloom presiding.

11              THE COURT:  Good afternoon, Mr. Micek.

12              THE DEFENDANT:  Good afternoon.

13              THE COURT:  Mr. Micek, as you may know, this case

14    has been assigned to the Honorable Raymond J. Dearie, and he

15    as the judge will make the ultimate decision as to whether to

16    accept your guilty plea.

17              THE DEFENDANT:  Yes, Your Honor.

18              THE COURT:  And if he does, he will be the judge

19    who sentences you.  You have the absolute right to have Judge

20    Dearie listen to your plea without any prejudice to you.

21              Do you understand?

22              THE DEFENDANT:  Yes, ma'am.

23              THE COURT:  I have before me a form which reflects

24    that you've consented to have me hear your plea.  I'm going

25    to pass it to my law clerk and ask her to show it to you.

1          Mr. Micek, is this your signature on the consent

2     form?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And do you understand the form?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And did you consult with your attorney

7     before signing it?

8          THE DEFENDANT:  I have.

9          THE COURT:  The mics are strong.  It will be just

10    fine.  He doesn't have to bend over.

11         Mr. Micek, do you give your consent voluntarily and

12    of your own free will to have me hear your plea here today?

13         THE DEFENDANT:  I do.

14         THE COURT:  And have any threats or promises been

15    made to you to induce you to agree to have me hear your plea

16    today?

17         THE DEFENDANT:  No.

18         THE COURT:  So, again, I'm going to sign the

19    consent form, which I know Ms. Nguyen and Mr. Elman have

20    already signed, and it is dated today, February 20th of 2020.

21         Mr. Micek, your attorney advises me that you wish

22    to plead guilty to count 4 of the indictment which charges

23    you with conspiracy to commit wire fraud in violation of 18

24    United States Code Section 1349.  Since I must be certain

25    that you understand your rights and the consequences of your

4

1    plea, I will explain certain matters to you and ask you

2    questions.

3            If I say anything that you do not understand please

4    say so and I will repeat the question.  Is that clear?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Will the clerk please swear the

7    defendant.

8            THE CLERK:  Mr. Micek, please raise your right

9    hand.

10       (The defendant is sworn.)          THE COURT:  Mr.

11   Micek, you have just taken an oath to tell the truth.  Do you

12   understand that if you answer any of my questions falsely

13   your answers may later be used against you in another

14   criminal prosecution for perjury or for making a false

15   statement?

16           THE DEFENDANT:  Yes.

17           THE COURT:  What is your full name, sir?

18           THE DEFENDANT:  Adam Micek.

19           THE COURT:  And how old are you?

20           THE DEFENDANT:  27.

21           THE COURT:  And what schooling or education have

22   you had, Mr. Micek?

23           THE DEFENDANT:  My highest education was high

24   school.

25           THE COURT:  And did you graduate from high school?

5

1          THE DEFENDANT:  Yes, I have.

2          THE COURT:  And have you had any difficulty in

3     communicating with your attorney?

4          THE DEFENDANT:  No.

5          THE COURT:  And are you presently or have you

6     recently been under the care of a doctor or a psychiatrist?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you ever been hospitalized or

9     treated for any mental illness?

10          THE DEFENDANT:  No.

11          THE COURT:  Have you ever been hospitalized or

12     treated for an addiction to drugs, alcohol or any other

13     substance?

14          THE DEFENDANT:  No.

15          THE COURT:  In the past 24 hours, Mr. Micek, have

16     you taken any pills, medicine or drugs of any kind?

17          THE DEFENDANT:  No.

18          THE COURT:  Have you taken any alcohol in the past

19     24 hours?

20          THE DEFENDANT:  No.

21          THE COURT:  Is your mind clear as you stand before

22     the Court today?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand the nature of these

25     proceedings today?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Mr. Elman, have you discussed the

3      question of a guilty plea with your client?

4              MR. ELMAN:  Yes, Your Honor.

5              THE COURT:  In your view, does he understand the

6      rights he would be waiving by pleading guilty?

7              MR. ELMAN:  He does.

8              THE COURT:  And is he capable of understanding the

9      nature of these proceedings today?

10             MR. ELMAN:  Yes, he is.

11             THE COURT:  Do you have any doubts about his

12     competency to proceed today?

13             MR. ELMAN:  No, Your Honor.

14             THE COURT:  Have you advised Mr. Micek of the

15     penalties that can be imposed and discussed the applicable

16     sentencing considerations including the sentencing

17     guidelines?

18             MR. ELMAN:  Yes, Your Honor.

19             THE COURT:  And, Mr. Micek, have you had the

20     opportunity to discuss your case with your attorney?

21             THE DEFENDANT:  I have.

22             THE COURT:  And are you satisfied with the

23     assistance your attorney has given you thus far in this

24     matter?

25             THE DEFENDANT:  Yes.

7

1          THE COURT:  Mr. Micek, have you received a copy of

2     the indictment?

3          THE DEFENDANT:  I have.

4          THE COURT:  And have you consulted with your

5     attorney about the charge in the indictment that you will be

6     pleading guilty to?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand the charge against

9     you?

10         THE DEFENDANT:  Yes.

11         THE COURT:  The first and most important thing you

12    must understand is that you have a right to plead not guilty

13    to this charge and to persist in that plea.  Under the

14    constitution and laws of the United States you would then

15    have a right to a speedy and public trial before a jury with

16    the assistance of your attorney.

17         Do you understand?

18         THE DEFENDANT:  Yes.

19         THE COURT:  You are presumed to be innocent and you

20    would not have to prove that you were innocent.  At trial the

21    burden is on the government to prove beyond a reasonable

22    doubt that you are guilty of the crimes charged.

23         Do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  I have been told that you will be

8

1    pleading guilty to count 4 of the indictment which charges

2    you with conspiracy to commit wire fraud.

3           In order to prove that you are guilty of conspiracy

4    to commit wire fraud, the government must establish beyond a

5    reasonable doubt that you, together with at least one other

6    person, entered into an agreement to commit wire fraud, that

7    you knowingly and wilfully became a member of the conspiracy,

8    that there was a scheme or artifice to defraud or to obtain

9    money or property by false and fraudulent pretenses,

10   representations or promises, that you knowingly and wilfully

11   participated in the scheme or artifice to defraud with

12   knowledge of its fraudulent nature and with specific intent

13   to defraud, and in execution of that scheme that you used or

14   caused the use of interstate wires.

15          If the government fails to present sufficient

16   evidence to prove the elements of the crime, the jury would

17   have the duty to find you not guilty.

18          Do you understand?

19          THE DEFENDANT:  Yes.

20          THE COURT:  In the course of a trial witnesses for

21   the government would have to come to court and testify in

22   your presence.  Your lawyer would have the right to cross-

23   examine these witnesses, to object to the evidence offered by

24   the government, and to offer evidence in your behalf.  You

25   would also have the right to compel the attendance of

9

1     witnesses at trial.

2           Do you understand?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Although you have the right to testify

5     at a trial, you cannot be compelled to testify and

6     incriminate yourself.  If you decided not to testify the

7     Court would instruct the jury that they could not hold that

8     against you.

9           Do you understand?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you plead guilty I will ask you

12    questions about what you did in order to satisfy myself that

13    you are guilty of the charge to which you seek to plead

14    guilty and you will have to answer my questions and

15    acknowledge your guilt.  Thus, you will be giving up the

16    right that I have just described, that is, the right not to

17    say anything that would show that you are guilty of the crime

18    with which you are charged.

19          Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  If you plead guilty and the Court

22    accepts your guilty plea you will be giving up your right to

23    a trial and all the other rights I have just discussed, there

24    will be no trial and the Court will simply enter a judgment

25    of guilty based on your plea.

1          Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Mr. Micek, are you willing to give up

4    your right to a trial and the other rights I have just

5    discussed with you?

6          THE DEFENDANT:  I am.

7          THE COURT:  Ms. Nguyen, is there an agreement

8    pursuant to which this plea is being offered?

9          MS. NGUYEN:  Yes, Your Honor.  There's a written

10   plea agreement that I understand has been marked as exhibit

11   1.

12         THE COURT:  So I am again going to pass this

13   forward.  And I want you to look at every page, Mr. Micek.

14   And then I'm going to ask you whether or not it is your

15   signature on page 10.  But make sure with your attorney that

16   this is what you've reviewed.

17         THE DEFENDANT:  Yes, ma'am.

18      (Pause.)

19         MR. ELMAN:  Your Honor, I have reviewed the plea

20   agreement with Mr. Micek.

21         THE COURT:  And, Mr. Micek, is that your signature

22   on page 10 of the agreement?

23         THE DEFENDANT:  That is my signature, ma'am.

24         THE COURT:  Okay.  Can you please pass it back up.

25   Thank you.

1        I'm going to summarize.  I'm not going to read the

2    ten pages, but I'm going to summarize.

3        You are pleading guilty to count 4 of the

4    indictment charging you with the violation of Title 18,

5    United States Code, Section 1349.  In exchange the government

6    agrees that no further criminal charges will be brought

7    against you for conspiracy to commit wire fraud, as charged

8    in the indictment, from April 2016 to July 2018.

9        If you plead guilty today the government will move

10   the Court for an additional one level reduction.  The

11   government has also agreed that at the time of sentence it

12   will move to dismiss the remaining counts of the indictment

13   against you with prejudice.

14       The U.S. Attorney's Office will take no position

15   concerning where within the guideline range determined by the

16   Court the sentence should fall and will make no motion for an

17   upward departure under the sentencing guidelines.

18       You have agreed not to file an appeal or otherwise

19   challenge the conviction or sentence in the event the Court

20   imposes a term of imprisonment of 46 months or below.

21       Do you  understand?

22       THE DEFENDANT:  Yes.

23       THE COURT:  If you violate any provision of this

24   agreement you will not be released from your plea of guilty,

25   but the U.S. Attorney's Office will be released from its

1       obligations under this agreement.

2               Do you understand?

3               THE DEFENDANT:  Yes.

4               THE COURT:  Does the written agreement that I've

5       just summarized accurately reflect your understanding of the

6       agreement that you've entered into with the government?

7               THE DEFENDANT:  Yes, it does.

8               THE COURT:  Other than the promises contained in

9       the written agreement, has anyone made any other promises to

10      you that have caused you to plead guilty here today?

11              THE DEFENDANT:  No.

12              THE COURT:  Has anyone made any promises to you as

13      to what your sentence will be?

14              THE DEFENDANT:  No.

15              THE COURT:  Mr. Micek, let me discuss the

16      consequences of your pleading guilty here today.

17              As I said, you are pleading guilty to count 4 of

18      the indictment.  The offense that you are pleading guilty to

19      provides for a minimum term of imprisonment of zero years and

20      a maximum term of 20 years imprisonment.

21              Also, there is a maximum supervised release term of

22      three years to follow any term of imprisonment.  There is

23      also a maximum fine of $250,000 or twice the gross gain or

24      twice the gross loss.

25              Restitution is mandatory in the amount of

13

1    $132,787.50 to be paid in accordance with the restitution

2    order to be filed under seal with the Court in connection

3    with the plea.  There is a special assessment of $100 which

4    must be paid to the clerk of court at or before sentencing.

5            Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Mr. Micek, if you are not a citizen of

8    the United States you are subject to removal from this

9    country.  Removal and other immigration consequences are the

10   subject of a separate proceeding.

11           However, you must affirm that you want to plead

12   guilty regardless of any immigration consequences that your

13   plea may entail.

14           Do you understand?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Mr. Micek, do you affirm that you want

17   to plead guilty regardless of any immigration consequences

18   that your plea may entail if you are not a citizen of the

19   United States?

20           THE DEFENDANT:  I do.

21           THE COURT:  In your plea agreement you also

22   acknowledge that you obtained and/or acquired property that

23   is subject to forfeiture as a result of your violation of 18

24   United States Code, Section 1349 as alleged in the

25   indictment.  You consent to the entry of a forfeiture money

14

1    judgment in the amount of $114,271.  The forfeiture money

2    judgment shall be paid in full 30 days in advance of the

3    sentencing.

4         If you fail to pay any portion of the forfeiture

5    money judgment by the due date, you consent to the forfeiture

6    of any other property of yours up to the amount of the unpaid

7    forfeiture money judgment.

8         You agree to fully assist the government in

9    effectuating the payment of the forfeiture money judgment and

10   you agree to disclose all of your assets to the United

11   States.

12        You also knowingly and voluntarily waive your right

13   to any required notice concerning the forfeiture.

14        Do you understand all of those conditions that I

15   have just read into the record regarding the forfeiture?

16        THE DEFENDANT:  Yes.

17        THE COURT:  In determining what sentence to impose,

18   Judge Dearie will consider the guidelines issued by the

19   United States Sentencing Commission and the other factors

20   specified by Section 3553(a) of Title 18 to determine whether

21   to impose a sentence within that range.

22        These other factors considered include the nature

23   and circumstances of the crimes committed, your

24   characteristics and history, and the public interest in the

25   sentence.

1          Prior to sentencing, the Court will receive a pre-

2     sentence report containing information about these factors

3     and the guidelines.  You and your lawyer will have the

4     opportunity to see that report and to speak on your behalf at

5     sentencing.

6          Do you understand?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you and your attorney talked about

9     how the Sentencing Commission guidelines might apply to your

10    case?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Although the guidelines are advisory,

13    has the government an estimate of what the sentencing

14    guideline range is likely to be?

15         MS. NGUYEN:  Yes, Your Honor.  With the acceptance

16    of responsibility, the government estimates that the

17    guidelines range will be 21 to 27 months.

18         THE COURT:  And is that your estimate as well, Mr.

19    Elman?

20         MR. ELMAN:  Yes, Your Honor.

21         THE COURT:  Keep in mind, Mr. Micek, that these are

22    just estimates and they could be wrong.  Judge Dearie will

23    calculate the guideline range and determine whether to follow

24    or depart from the applicable guideline range.

25         Do you understand that any estimate is not binding

1      and could be rejected by the Court?

2              THE DEFENDANT:  Yes.

3              THE COURT:  If your sentence is higher than you

4      expected it to be, you will not be able to withdraw your

5      guilty plea.

6              Is that clear?

7              THE DEFENDANT:  Yes.

8              THE COURT:  In addition to imprisonment, you may be

9      sentenced to supervised release.

10             Supervised release means that after you are

11     released from prison your activities will be supervised by

12     the Probation Department and there may be many restrictions

13     placed on your liberty, such as travel limitations,

14     requirements that you report regularly to a probation

15     officer, prohibitions on carrying guns and other limitations.

16             Do you understand the nature of supervised release?

17             THE DEFENDANT:  Yes.

18             THE COURT:  As I detailed in reviewing the

19     consequences of your plea, the statute you are accused of

20     violating involves a term of supervised release with the

21     maximum term being three years on supervised release.

22             If you violate the conditions of the release, you

23     can be returned to prison for up to two years without credit

24     for pre-release imprisonment or time previously served on

25     post-release supervision.

1          So if you don't follow the conditions of supervised

2     release, your prison term could be lengthened.

3          Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  If after you are sentenced you or your

6     attorney think that the Court has not properly followed the

7     law in sentencing you, you can appeal your sentence to a

8     higher court.

9          However, you have agreed not to file an appeal or

10    otherwise challenge the conviction or sentence in the event

11    that the Court imposes a term of imprisonment at or below 46

12    months.

13         Do you understand?

14         THE DEFENDANT:  Yes.

15         THE COURT:  By pleading guilty, Mr. Micek, you will

16    not, except under very limited and rare circumstances, be

17    able to challenge your judgment of conviction.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Mr. Micek, do you have any questions

21    you would like to ask me about the charge, your rights or

22    anything else relating to this matter?

23         THE DEFENDANT:  No, Your Honor.

24         THE COURT:  Is everything clear to you, sir?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Mr. Elman, do you know of any reason

2      why your client should not enter a plea of guilty to the

3      charge?

4          MR. ELMAN:  No, Your Honor.

5          THE COURT:  Are you aware of any viable, legal

6      defense to the charge?

7          MR. ELMAN:  No, Your Honor.

8          THE COURT:  Mr. Micek, are you prepared to plead?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Adam Micek, how do you plead to count 4

11     of the indictment, guilty or not guilty?

12         THE DEFENDANT:  Guilty, Your Honor.

13         THE COURT:  Are you making this plea of guilty

14     voluntarily and of your own free will?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Has anyone threatened or forced you to

17     plead guilty?

18         THE DEFENDANT:  No.

19         THE COURT:  Has anyone made you any promise that

20     has caused you to plead guilty?

21         THE DEFENDANT:  No.

22         THE COURT:  Has anyone made you any promise about

23     the sentence you will receive?

24         THE DEFENDANT:  No.

25         THE COURT:  Mr. Micek, can you please describe

19

1    briefly in your own words what you did in connection with the

2    crime charged in count 4 of the indictment.

3              THE DEFENDANT:  In the Eastern District of New

4    York, I committed conspiracy to commit wire fraud and wire

5    fraud.

6              THE COURT:  Okay.  Give me in straight talk, where

7    were you when this happened?

8              THE DEFENDANT:  Well, Your Honor, it's Queens, New

9    York.

10              THE COURT:  Was it Queens, New York?

11              THE DEFENDANT:  Yes, ma'am.

12              THE COURT:  And can you give me the dates that this

13    --

14              THE DEFENDANT:  I don't have exact dates.  I can

15    give you the years.  It's between --

16              THE COURT:  Okay.  The years is fine.

17              THE DEFENDANT:  -- 2016-2017.

18              THE COURT:  Okay.  And did you do this with

19    somebody else?

20              THE DEFENDANT:  Yes.  One other person.

21              THE COURT:  Okay.  And do you want to ask some

22    questions, Ms. Nguyen?

23              MS. NGUYEN:  May I see that?

24              The other person that you acted with, did you agree

25    with him to engage in this activity?

1        THE DEFENDANT:  No.  I wasn't aware of the

2    situation.

3        MS. NGUYEN:  Did you enter into an agreement, not

4    necessarily in writing, but did you agree with another person

5    to what you were doing?

6        THE DEFENDANT:  Yes.

7        MS. NGUYEN:  And did you --

8        The government is satisfied with the allocution.

9        THE COURT:  Okay.  I want to make sure that I heard

10    him say what he said.  He read two lines into the record.

11        I had him elaborate on where it happened because he

12    said Eastern District of New York, and most people don't know

13    what that means, so I wanted to makes sure it was within the

14    Easter District.  He said it happened in Queens.  He said the

15    years it happened.  He said he did agree with somebody else.

16    And the last sentence that he read was that he agreed to

17    commit wire fraud -- conspired to commit wire fraud.

18        You're satisfied he doesn't need anything else?

19        MS. NGUYEN:  Well, let me ask.

20        Did you knowingly become a member of this

21    conspiracy to commit wire fraud?

22        THE DEFENDANT:  Knowingly?  No.

23        MS. NGUYEN:  Well --

24        THE DEFENDANT:  I want to say yes.  Let's just

25    leave it at yes.

1          THE COURT:  Well, now, I want you to speak to your
2     attorney and I want this to be clear on the record.  I
3     understand that he doesn't want to say more than he needs to
4     say, but I also want to make sure that the record is clear
5     for Judge Dearie.
6          MS. NGUYEN:  Yes, Your Honor.
7          THE DEFENDANT:  Your Honor --
8          MR. ELMAN:  If you could ask the question again.
9          MS. NGUYEN:  The question is did you knowingly and
10    wilfully become a member of the conspiracy to commit wire
11    fraud?
12         THE DEFENDANT:  I have.  Yes.
13         THE COURT:  If the government's satisfied, then
14    I'll accept the allocution.  If you believe you need more,
15    then ask your questions, Ms. Nguyen.
16         MS. NGUYEN:  In light of what has happened, I would
17    just like to ask a factual question.
18         Did you agree to sell e-vouchers online as part of
19    this conspiracy?
20         THE DEFENDANT:  Yes.
21         MS. NGUYEN:  The government is satisfied with the
22    allocution.
23         THE COURT:  Okay.  Thank you.
24         Anything further that you need to put on the
25    record, Mr. Elman?

1          MR. ELMAN:  No, Your Honor.

2          THE COURT:  So based on the information given to

3     me, I find that Mr. Micek is competent, that he is acting

4     voluntarily, that he fully understands the charge, his rights

5     and the consequences of his plea, and that there is a factual

6     basis for the plea.

7          I therefore recommend to Judge Dearie that he

8     should accept Mr. Micek's plea of guilty to count 4 of the

9     indictment.  And Judge Dearie has set sentencing in this

10    matter on May 8th, 2020 at 10 a.m.

11         Was there any other matter that needed to be

12    addressed on behalf of the United States today?

13         MS. NGUYEN:  No, Your Honor.

14         THE COURT:  I just want to state that Mr. Micek is

15    here on conditions that have previously been set and those

16    conditions will remain in place.

17         Anything further that needs to be addressed on

18    behalf of Mr. Micek today?

19         MR. ELMAN:  Nothing further, Your Honor.

20         THE COURT:  Then this matter is adjourned.  Good

21    luck.

22         THE DEFENDANT:  Thank you, Your Honor.

23         MS. NGUYEN:  Thank you, Judge.

24         MR. ELMAN:  Thank you for allowing it.

25         THE COURT:  No problem.

23

1          (Proceedings adjourned at 3:07 p.m.)

2          I, CHRISTINE FIORE, court-approved transcriber and

3    certified electronic reporter and transcriber, certify that

4    the foregoing is a correct transcript from the official

5    electronic sound recording of the proceedings in the above-

6    entitled matter.

7

8          *Christine Fiore*

9    _____          November 6, 2020

10        Christine Fiore, CERT

11            Transcriber

12

13

14

15

16

17

18

19

20

21

22

23

24